## 12016

### MISHOE v. ATLANTIC COAST LINE RAILROAD CO.

#### (133 S. E., 704)

1. CARRIERS.—Question of whether presumption or inference of negligence of railroad company was rebutted is for jury.

2. CARRIERS.—Damages for sickness resulting from plaintiff's leaving train to drive across country, on being informed that he would be unable to make connections, *held* not too remote to afford basis of recovery.

Before WILSON, J., Horry, May, 1924. Affirmed.

Action by Walter L. Mishoe against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals.

*Messrs. F. L. Willcox* and *C. P. Quattlebaum,* for appellant, cite: *Former appeal:* 124 S. C., 195; 117 S. E., 217. *Published schedules of trains not guaranteed:* 84 S. C., 171. *Presumption of negligence drawn from proof of lateness of train overcome by positive testimony:* 91 S. C., 71; 84 S. C., 171; 81 S. C., 317; 69 S. C., 317; 53 S. C., 213. *Wantonness may not be presumed on mere proof of error:* 91

S. C., 71. *Judgment regarding a nonsuit on former appeal not res adjudicata on second appeal where evidence on second trial differed materially:* 102 S. C., 509; 84 S. C., 364.

*Mr. H. H. Woodward,* for respondent, cites: *Former appeal:* 124 S. C., 195; 117 S. E., 217. *Delay in making schedule raises presumption of negligence:* 84 S. C., 171. *Presumption of negligence arises on proof of injury to passenger by agency of railroad:* 118 S. C., 153: *Presumption of negligence rebuttable; question for jury:* 118 S. C., 153. *Several negligent acts supposed to contribute to injury may be pleaded in one cause of action:* 81 S. C., 317. *Actionable negligence; evidence sufficient to go to jury:* 120 S. C., 294; 105 S. C., 423; 102 S. C., 287; 91 S. C., 71; 86 S. C., 514; 84 S. C., 291; 83 S. C., 411; 81 S. C., 317. *Order refusing new trial will not be changed unless lack of evidence to sustain verdict is shown:* 115 S. E., 764.

June 17, 1926.

The opinion of the Court was delivered by MR. JUSTICE MARION.

My concurrence in the opinion of the Court, delivered by Mr. Justice Fraser, on the first appeal (124 S. C., 195; 117 S. E., 217), was limited to a concurrence in the view that there was reversible error in the charge of the Circuit Judge in the particular considered in that opinion. I then stated that I was "not prepared to agree that the verdict should have been directed for the defendant."

While, as suggested by Mr. Acting Justice Purdy, 1, 2 the testimony tending to rebut any presumption or inference of negligence on the part of the defendant was "fuller" on this trial, I am unable to resist the conclusion that under the settled law of this jurisdiction the question of whether such presumption or inference was completely rebutted was for the jury. *Ingram v. Davis,* 131 S. C., 326; 125 S. E., 920. *Mulligan v. Southern Railway,*

84 S. C., 171, 176, 177; 65 S. E., 1040. Nor under our decisions do I think it may consistently be held as a matter of law that the damages alleged, and which there was some evidence tending to establish, were too remote to afford a basis of recovery. See *Pickens v. R. Co.,* 54 S. C., 511; 32 S. E., 567. *Berley v. Seaboard Air Line Railway,* 83 S. C., 411; 65 S. E., 456.

Three members of the Court having concurred in this opinion, the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MR. ASSOCIATE JUSTICE WATTS concur.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY (dissenting) : At a former trial of this case there was a verdict and judgment for the plaintiff, and, on appeal to this Court, the judgment was reversed. 124 S. C., 195; 117 S. E., 217. On coming on to be tried again, there was a verdict for the plaintiff for the actual damages, and the defendant appealed.

The pleadings are very lengthy, and are fully set out in the case on the first appeal, and will not be here repeated, but, in considering the case, we are adopting the short statement made by the late Mr. Justice Fraser on that appeal:

"The plaintiff was notified by a telegram that his child was sick at home. The plaintiff was in Columbia in attendance upon the Legislature, and his child was sick at his home in Conway. In order to go from Columbia to Conway by rail, it is necessary to go to Chadbourn, in North Carolina, and change cars for Conway. When the train got to Florence, it was two hours late, and the plaintiff was uneasy about making connection at Chadbourn, and made inquiry at Florence. He could learn nothing in Florence about the matter. After leaving Florence, the plaintiff appealed to the conductor to find out for him if the train would be held at Chadbourn. The plaintiff says that at Marion he was informed that the train to Conway had left Chadbourn, and he would have to wait at Chadbourn for a later

train, and be delayed several hours; that the conductor
told him that, if he was obliged to be at home within a rea-
sonable time, it would be well to get off the train and go
across from Marion to Conway by automobile. The plain-
tiff got off of the train at Marion, and engaged an automo-
bile to take him across to Conway. The automobile broke
down on the way. The day was exceedingly cold, and the
roads were in a bad condition. The driver of the automo-
bile refused to go any further. The plaintiff succeeded in
getting another automobile. Automobile No. 2 broke down,
and the plaintiff procured a third automobile to finish the
journey. The plaintiff spent hours on the road, and suf-
fered with the cold, and was made sick by the exposure.
He did not arrive at home until 8 o'clock at night. It seems
that, while the train between Chadbourn and Conway did
leave the station at Chadbourn, as reported, the engine was
delayed in the yard just after it started, and it took so long
to fix it that, after it was fixed, it waited for the train
which the plaintiff had left at Marion, and enabled the other
passengers for Conway to reach Conway at 3 o'clock, or
five hours ahead of the plaintiff. This action is brought
for the sickness of the plaintiff, produced by his exposure
between Marion and Conway."

In addition to the foregoing statement, it may be added
that it was shown at the trial out of which this appeal has
arisen that the delay which prevented the respondent from
making connection at Chadbourn was due to waiting two
hours at Augusta on a train over the Georgia Railroad in
order to make the Augusta connection. The train should
have left Augusta about 3 o'clock, and it left about 5 o'clock.
It should have arrived in Sumter about 7 o'clock, and it ar-
rived there about 9 o'clock.

The testimony was much fuller on the reason for giving
the information that the connection would not be made at
Chadbourn than appeared at the former trial.

The defendant got off the train at Marion upon receiving

the information that the train on which he was traveling would not make connection at Chadbourn, for the reason that the train had already left the last-named station. The testimony clearly shows that such was the fact, and that the information so imparted to the respondent was strictly in accordance with that fact. But something having gone wrong with the engine after the train had left Chadbourn, the train returned to Chadbourn, and got another engine, and went on to Conway, arriving there about 3 o'clock in the afternoon.

That a passenger undertakes to travel on a railroad subject to such delays as are not caused by the negligence or willfulness of the carrier is not questioned. *Mulligan v. Railway*, 84 S. C., 171; 65 S. E., 1040. Nor is it questioned that a carrier is bound to furnish reasonable means to a passenger for obtaining information, and that, if a passenger suffers damages by reason of the actionable negligence or willfulness of the agents of the carrier in giving false information, the passenger may have his remedy against the carrier.

It is also well settled that evidence of long delay in making scheduled connections resulting in expense and loss of time to a passenger, raises the presumption of negligence, and it is incumbent on the carrier to show that such failure was not the result of negligence. *Miller v. Railway,* 69 S. C., 125; 48 S. E., 99. *Mulligan v. Railway, supra.* But this is only a presumption, which may be overcome by proof. Tested by these principles, has the respondent suffered any actionable injury from the conduct of the appellant?

The testimony shows that the delay in making the schedule was due to waiting on the train at Augusta, which came over the Georgia Railroad, and was in no way due to the negligence or willfulness of the appellant.

Chadbourn could not be reached in time to make the regular connection at that point, and the information given that the train had already left when the respondent got to

Marion was true. The appellant had a right to hold its train to make the connection at Augusta, nor can it be questioned that the railroad company had a right to make its schedule from Chadbourn to Conway.

The question of willfulness is eliminated from the case, and there is no evidence of negligence, and no evidence that false statements were made to the respondent, and, under these circumstances, the respondent has no cause of action against the appellant. We reiterate, without here repeating, the opinion so tersely expressed by the late Mr. Justice Fraser on the former appeal of the case, found at 124 S. C., 207, 208; 117 S. E., 217.

A verdict should have been directed for the defendant. The judgment should be reversed and the case remanded to the Circuit Court to enter up judgment in favor of the defendant, under Rule 27 of this Court.

MR. JUSTICE COTHRAN concurs.